NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1297
_____

UNITED STATES OF AMERICA

v.

IMADELDIN AWAD KHAIR,
a/k/a Nadr Khair

Imadeldin Awad Khair,
                              Appellant
_____

On Appeal from the United States District
Court for the District of New Jersey
(D.C. Criminal No. 2-15-cr-00404-001)
District Judge: Honorable Susan D. Wigenton
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
February 6, 2018

Before: CHAGARES, SCIRICA, and COWEN, <u>Circuit Judges</u>

(Filed: February 28, 2018)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**SCIRICA**, *Circuit Judge*

Following a bench trial, Imadeldin Awad Khair was convicted of health care fraud, obstruction of a federal audit, tax evasion, and money laundering. The District Court sentenced Khair to a term of imprisonment of 216 months. Khair appeals his conviction and sentence. In addition to raising three ineffective assistance of counsel claims, Khair contends that the District Court applied the incorrect legal standard when it convicted him of health care fraud. We will affirm.

**I.**

In 1999, Imadeldin Awad Khair and his company, I&I Invalid Coach, were charged with health care fraud in New Jersey state court. As a result, Khair and his company were suspended from the New Jersey Medicaid program. Khair was subsequently employed by K&S Invalid Coach, a company registered by his brother, Badr Awad, and partially owned by Khair. K&S applied and was approved to be a Medicaid provider in 2000.

Khair pleaded guilty to the 1999 health care fraud charge in 2003, and the United States Department of Health and Human Services sent Khair and his counsel preliminary exclusion notices for a minimum period of five years. Khair also entered a consent order of debarment, confirming that he was barred from Medicare and New Jersey Medicaid for at least five years. Health and Human Services sent a final letter of exclusion to Khair on January 30, 2004, barring him from participation in Medicare and Medicaid for a minimum of eleven years and requiring him to apply for reinstatement. The letter was sent to the Passaic County Jail, where Khair was no longer incarcerated, and to his

2

counsel.

Following his release from prison, Khair returned to work at K&S. To demonstrate permitted employment, Khair had his friend, Ebrahim Hazin, place him on the payroll at Hazin's firm, K&K Automotive. During this time, Khair continued working at K&S and was viewed as the boss by employees. Although Khair's reported salary was low, he received payments in checks written out to him and his wife from K&S and checks written to cash.

In a seventeen-count Superseding Indictment returned on November 19, 2015, the government charged Khair with one count of health care fraud, in violation of 18 U.S.C. § 1347; one count of obstruction of a federal audit, in violation of 18 U.S.C. § 1516(a); eleven counts of tax evasion, in violation of 26 U.S.C. § 7201; and four counts of money laundering, in violation of 18 U.S.C. § 1956(a)(1)(A)(i), (A)(ii), and (B)(i). Before jury selection, Khair sought to waive his right to a trial by jury. The District Court and the parties finished jury selection, and Khair again requested a bench trial. Following a sworn colloquy, the government consented, and the District Court granted Khair's request.

Khair's bench trial began on July 25, 2016, and lasted seven days. Khair did not testify at trial, but his attorney argued that, while Khair knew he was excluded from federal health care programs for five years, he did not realize the bar extended to eleven years. The District Court found Khair guilty on all counts. Khair's Guidelines range was 210 to 262 months' imprisonment. At sentencing, the District Court rejected Khair's challenges to the Guidelines calculation and his request for a downward variance and

3

imposed a sentence of 216 months' imprisonment. Khair appealed, challenging his conviction and sentence.

## II.[1]

Khair raises three ineffective assistance of counsel claims and alleges that the District Court applied the wrong legal standard in convicting him of health care fraud. Because the District Court applied the correct standard in convicting Khair, we will affirm. Further, we conclude the ineffective assistance of counsel claims are not ripe for review.

## A.

As to Khair's three ineffective assistance of counsel claims, "[w]e open with the observation that ineffective assistance of counsel claims are generally not considered on direct appeal." *United States v. Washington*, 869 F.3d 193, 202 (3d Cir. 2017). That general rule only gives way "when the trial record 'is sufficient to allow determination of ineffective assistance of counsel.'" *Id.* at 203 (quoting *United States v. Polk*, 577 F.3d 515, 520 & n.2) (3d Cir. 2009)). "Determining sufficiency is case- and claim-dependent." *Id.* at 203.[2]

First, Khair contends that his counsel incorrectly advised him that he had a

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

[2] To establish ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A defendant "must show that counsel's representation fell below an objective standard of reasonableness" as measured by "prevailing profession norms." *Id.* at 688. Even if counsel's performance was deficient, those "deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution." *Id.* at 692.

Constitutional right to inclusion of people of Muslim faith on his jury. He claims, as a result of that advice, he unknowingly and unintelligently waived his right to a trial by jury. Second, Khair states that his counsel was ineffective in failing to call his former attorney as a witness during trial. Khair claims that his prior attorney would have testified he never forwarded or informed Khair of the letter stating he was excluded from federal programs for eleven years. Third, Khair claims that his counsel did not adequately address the sentencing factors under 18 U.S.C. § 3553(a) in submissions or argument to the District Court.

We are not presented with "the uncommon case where resolving an ineffectiveness claim on direct appeal is both feasible and efficient." *Id.* at 203. We will not address Khair's ineffective assistance of counsel arguments. Khair may assert them in an appropriate collateral proceeding. *See* 28 U.S.C. § 2255.

**B.**

Khair also challenges his conviction, contending that the District Court applied the incorrect legal standard for health care fraud under 18 U.S.C. § 1347. While we exercise plenary review over a District Court's conclusions of law, *United States v. Perez*, 280 F.3d 318, 336 (3d Cir. 2002), we review here for plain error because Khair did not object before the District Court, *United States v. Pisello*, 877 F.2d 762, 766 (9th Cir. 1989); *cf. United States v. Sussman*, 709 F.3d 155, 176 (3d Cir. 2013) (applying plain error review to unraised challenges to jury instructions).[3] Under that standard, Khair must show:

---

[3] The parties agree plain error review applies. Appellee's Br. at 27; Appellant's Reply Br. at 21.

"(1) error, (2) that is plain or obvious, and (3) that affects a defendant's substantial rights." *United States v. Ferguson*, 876 F.3d 512, 514 (3d Cir. 2017) (quoting *United States v. Goodson*, 544 F.3d 529, 539 (3d Cir. 2008)). "If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if . . . the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 514 (alterations in original) (quoting *Goodson*, 544 F.3d at 539)).

In support of his assertion that the District Court applied an erroneous legal standard, Khair highlights one statement during the District Court's findings of fact and conclusions of law: "there were funds that came from Medicare and Medicaid when Mr. Khair was involved in the business *when he knew or certainly should have known he was precluded* from engaging in any type of business where a substantial amount of money was coming from Medicare and Medicaid." App. 15 (emphasis added). Relying on the statement "certainly should have known," Khair contends that the District Court determined his guilt "based upon a non-criminal mental state." Appellant's Br. at 29.

But a thorough review of the District Judge's statements belies that assertion. Among other statements, the District Court found that Khair knew (1) "he had an exclusion and that exclusion was for the 11-year period," App. 9; (2) "he had an obligation to request reinstatement" but "never made any efforts whatsoever to be reinstated," App. 9; (3) he "was involved in the business in a position and in a role that was unequivocally precluded and prohibited by HHS and OIG and [ ] was certainly aware of that," App. 11; and (4) he was excluded, which "prompted obviously all of the misrepresentations and the lies that were taking place," App. 13. The District Court

6

found Khair's conduct constituted "willful conduct and certainly conduct that evidences a consciousness of guilt on the part of Mr. Khair." App. 12. Based on the District Court's repeated statements concerning both Khair's knowledge and willfulness, we conclude a stray comment by the District Court, taken out of context, does not constitute plain error in this case. Accordingly, we will affirm Khair's conviction for health care fraud.[4]

## III.

For the foregoing reasons, we will affirm the judgment of conviction and sentence.

---

[4] Because we will affirm Khair's conviction for health care fraud, we need not reach his argument concerning his convictions for money laundering. That argument was contingent on overturning Khair's health care fraud conviction. *See* Appellant's Br. at 48 ("In the event the Court overturns Khair's conviction on Count One . . . then it must also overturn his convictions for Counts Fourteen through Seventeen for money laundering pursuant to 18 U.S.C. § 1956(a)(1)(A)(i), (ii) and (B)(i).").